IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:07-CV-00373-FDW
(3:03-CR-00055-WLO-1)

| | |
|---|---|
| ANDREW TIMOTHY JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

THIS MATTER comes now before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and Petitioner's subsequent Motion to Amend that Motion with "newly discovered evidence" (Doc. No. 10). The Government has responded by filing a Motion for Summary Judgement pursuant to Federal Rule of Civil Procedure 56(b) (Doc. No. 4).[1] For the reasons stated below, Petitioner's Motion to Amend is DENIED and the Government's Motion for Summary Judgment is GRANTED.

Petitioner and his co-conspirators were charged by a March 25, 2003, criminal complaint

---

[1] Through a clerical error, Petitioner did not initially receive the Government's motion and supporting brief. The Court was informed of this state of affairs by Petitioner's pastor and, through the Clerk of Court, corrected the error and mailed the materials to Petitioner. The Court then enlarged Petitioner's time to respond by fourteen days. See Doc. No. 7. Petitioner's understandable objection reached the Court thereafter, although it was written before the Court's Order enlarging the time for response. See ¶¶ 3-5 of Docs. No. 8-9. Despite the extended deadline of December 3, 2007, the Court has deemed it appropriate under the circumstances to accept and consider Petitioner's filing in opposition to the Government's motion filed on December 5, 2007 (Doc. No. 11). Petitioner's arguments within his latest filing mirror those already made, along with a race-based argument that the Court considers to be unsupported and meritless.

with bank robbery, use and discharge of a dangerous weapon, and aiding and abetting one another in violation of 18 U.S.C. §§ 2, 924(c), 2113(a), and 2113(d). On March 27, 2003, the grand jury returned a three-count Bill of Indictment charging Petitioner with the same charges contained in the complaint. These initial charges pertained to the March 2003 robbery of a First Citizens bank. Petitioner does not contest his conviction for this robbery in his motion. On December 16, 2003, the grand jury returned a Superseding Bill of Indictment charging Petitioner with the same charges as the original Indictment and two additional counts alleging violations of 18 U.S.C. §§ 924(c) and 1951. These new charges pertained to Petitioner's attempted robbery of an SAB Check Cashing ("SAB"), which had occurred nine months earlier and days before the First Citizens robbery. Petitioner pleaded not guilty on all counts and his case was tried before a jury. After trial, the jury unanimously found Petitioner guilty on Counts One, Two, Four, and Five. Petitioner was sentenced to seventy-seven (77) months on Counts One and Four—the two robberies—to run concurrently, one hundred twenty (120) months on Count Two—using a gun in connection with the SAB robbery—to run consecutively to Counts One and Four, and three hundred (300) months on Count Five—using a gun a second time in the bank robbery—to run consecutively to Counts One, Four, and Two. The court also imposed a five-year term of supervised release for each count, to run concurrently. Finally, the court ordered Petitioner to pay restitution of $4,386.00 to the victims of his robberies. Petitioner appealed and the United States Court of Appeals for the Fourth Circuit affirmed the verdict. The United States Supreme Court denied Petitioner's writ of certiorari.

    Petitioner now brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, Petitioner argues that (1) trial counsel was ineffective for failing to call his grandfather, who allegedly could produce key exculpatory evidence; (2) trial counsel was ineffective for failing to impeach Detective Hulsey concerning certain alleged

inconsistencies with the line-up that identified Petitioner; (3) trial counsel was ineffective for failing to move to dismiss the Superseding Indictment due to allegedly improper delay; (4) he was twice placed in jeopardy in violation of the Fifth Amendment when he was convicted on two counts in violation of 18 U.S.C. § 924(c); (5) trial counsel was ineffective for failing to argue against a two-level increase in Petitioner's guidelines calculation; and (6) trial counsel was ineffective for failing to object to this Court's order of restitution.

The Sixth Amendment to the Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. Const. art. VI. To obtain relief on a claim of ineffective assistance of counsel under § 2255, Petitioner must prove two things: (1) deficient performance by counsel and (2) prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In assessing ineffective-assistance claims, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. See id. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Md., 561 F.2d 540, 543 (4th Cir. 1977). Furthermore, in considering whether prejudice exists, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 at 1290 (citing Strickland, 466 U.S. at 697).

First, Petitioner argues that trial counsel should have called Petitioner's grandfather, Frank Houston, as a witness and that failure to do so was ineffective assistance of counsel. Petitioner

alleges that Mr. Houston was coincidentally present during the SAB robbery and that, as his grandfather, Mr. Houston knows Petitioner well and would have testified that Petitioner did not commit the robbery. There are, however, ample strategic reasons that place counsel's decision not to call Mr. Houston well within Strickland's wide range of reasonable professional assistance. According to an affidavit submitted by Petitioner, Petitioner's counsel informed Mr. Houston that "being a relative would not fair well with the jury." In other words, Petitioner's counsel made the tactical decision not to present what would appear to be conveniently self-serving testimony of a relative. Furthermore, there were certain circumstances that made Mr. Houston's presence at the robbery highly questionable. For instance, a video of the SAB robbery shows an individual who appears to be Mr. Houston, a fact that is supported by Mr. Houston's description of the events in his affidavit. This individual does not appear concerned that a robbery is taking place, nor does the robber appear concerned with the individual, even turning his back on the individual at one point. (See Government's Ex. H, Doc. No. 3.) In addition, Petitioner's aunt, Mr. Houston's daughter, was the getaway driver in the First Citizens robbery. These circumstances make trial counsel's tactical decision not to call Mr. Houston reasonable and well within the Strickland standard.

Petitioner next alleges that trial counsel was ineffective in failing to adequately cross-examine Detective Hulsey regarding certain discrepancies in the line-up that identified Petitioner. The record indicates, however, that trial counsel vigorously cross-examined Detective Hulsey regarding the line-up. At one point during cross-examination counsel made the very same points Petitioner now makes, asking, "your notes say No. 3, but actually it's number 4 . . . . [Do] you recall [Mr. Elmore] picking out also another gentleman on the first lineup . . . .?" (Trial transcript, Government's Ex. C, at 203.) Despite Petitioner's current protestations that counsel's cross-examination was ineffective and "half-hearted," it appears that counsel adequately explored the very

issues that Petitioner now raises concerning the line-up.[2] If there are any inconsistencies in the evidence presented, they are for the jury to consider and reconcile. The jury in this case, by returning a unanimous verdict of guilty, reconciled any inconsistencies regarding Detective Hulsey's testimony against Petitioner. This does not make Petitioner's counsel ineffective, especially given counsel's coverage of this issue on cross-examination.

Petitioner's third argument is simply a misunderstanding of the law. Petitioner contends that the Superseding Indictment, which was returned by the grand jury nine months after Petitioner's line-up identification, somehow violated his Due Process rights and the Federal Rules of Criminal Procedure. However, none of the Federal Rules of Criminal Procedure that Petitioner cites (4-7) support this argument. The primary protection against delay, the statute of limitations, had certainly not run with the nine-month period between the attempted SAB robbery and the Superseding Indictment. Furthermore, Due Process was not offended by the nine-month delay because there is neither an indication of substantial prejudice nor evidence that the government purposefully delayed to obtain a tactical advantage. See United States v. Marion, 404 U.S. 307, 322-24 (1971).

Petitioner also appears to argue that being convicted of multiple counts under a single statute violates the Fifth Amendment prohibition against double jeopardy. This is a clear misstatement of the law and requires no discussion from the Court. Petitioner goes on to argue that not all counts for

---

[2] Petitioner has also claimed that the Government withheld evidence from him and that he recently recovered another police report that shows that Detective Hulsey perjured herself. Petitioner contends that neither he nor his trial counsel ever saw this "additional" report. The trial transcripts, however, show that defense counsel was in possession of this report and that it was the subject of cross-examination. (See trial transcript, Government's Ex. C, at 205 ("I'm looking at – before your last gap. The sentence, it starts out, 'I met with Mr. Elmore and showed him the photo lineup. Mr. Elmore did point to the photo of Patrick Murphy as well as one other photo.'")) This sentence appears only within the "newly discovered" police report that was, in fact, clearly within defense counsel's possession as it was used in cross-examining Detective Hulsey. Thus, Petitioner's Motion to Amend his § 2255 Motion would be futile and is therefore denied.

which he was sentenced were presented to the jury. There is, however, no indication of this. The record shows that all issues were presented to and decided unanimously by the jury.

Petitioner next argues against the two-level enhancement in his guidelines calculation for taking property from a financial institution, arguing that the enhancement was cumulative of the bank-robbery statute. There is no support for such an argument, a fact admitted by Petitioner's counsel at trial. The jury found that Petitioner stole from a FDIC-insured bank. This finding was sufficient to apply the enhancement.

Finally, Petitioner argues that counsel was ineffective for failing to object to the imposition of restitution due to his inability to pay. However, this Court was required by § 3664(f)(1)(A) to order restitution to each victim in the amount of that victim's losses "without consideration of the economic circumstances of the defendant." The Court then complied with subsection (f)(3) by creating a schedule of payments that would work for Petitioner's situation. Thus, counsel was not ineffective for failing to object to this Court's imposition of restitution.

In conclusion, all six of Petitioner's arguments are without merit. Nor is the Court moved by Petitioner's latest claim that United States Attorney Gretchen C.F. Shappert is "racially biased against African Americans receiving 'Justice' even where there is ample evidence that exposes unfair treatment in the way of convictions and sentencing." (Doc. No. 11 at 2.) Such claims are utterly without merit and frivolous in the extreme. There is not the slightest whiff of race-based conduct in this case, and the Court refuses to indulge such baseless accusations. Based purely on the evidence within the record and unambiguous principles of law, the Court finds that Petitioner's § 2255 motion presents no genuine issues of material fact and that the Government is therefore entitled to summary judgment as a matter of law.

Based on the foregoing, the Court hereby DENIES Petitioner's Motion to Amend and GRANTS the Government's Motion for Summary Judgment.

IT IS SO ORDERED.              Signed: December 17, 2007

Frank D. Whitney
United States District Judge